W. L. PERKINS ET AL., RESPONDENTS, *v.* S. C. BARNES, APPELLANT.

In an action of replevin it is not indispensably necessary to show a demand upon the defendant to return the property before suit brought. A demand serves no purpose, except to establish a conversion or a wrongful detention. When that can be established without showing a demand, a demand is unnecessary —Justice JOHNSON dissenting.

When, therefore, the defendant in his answer admits the detention and claims title in himself, the title alone is put in issue, and no demand need be shown— Justice JOHNSON dissenting.

APPEAL from the District Court of the First Judicial District, Hon. RICHARD RISING, Judge.

The facts sufficiently appear in the opinion of the Court.

*Mesick & Seely*, for Appellant.

*Pitzer & Keyser*, for Respondents.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

The plaintiffs bring this action to recover possession of certain personal property, which they allege is wrongfully detained from them by defendant.

The answer denies the plaintiff's title and right of possession, admits the detention, but denies that such detention is wrongful; it is then alleged that the defendant is the owner, and entitled to the possession of the property.

Upon these pleadings, the case was tried without a jury, the Judge below finding the facts and rendering judgment thereon in favor of the plaintiffs. From this judgment the defendant appeals, claiming that it should be reversed on the following finding: " That the defendant came into possession of said property by purchasing the same for value of one Lamphier, who had obtained possession thereof of plaintiff's agent through fraud and misrepresentation, which was not however known to the defendant. That no demand of possession of the property had been made of defendant by the plaintiffs before the commencement of the action."

It is urged by counsel for appellant that as the findings of fact show no tortious taking, but simply a wrongful detention of the property sought to be recovered, it was necessary for the plaintiff, before he could properly recover, to show that he demanded a delivery of the property from defendant. Whether such a demand was necessary before suit brought, is the only question to be determined upon this appeal. It has sometimes been said that when one has acquired rightful possession of property, an action of replevin cannot be maintained against him to recover it until demand by the owner, and a refusal.

But if there be a tortious taking, it is conceded no such demand is necessary. (*Galvin* v. *Bacon*, 11 Maine, 28; 4 Greenleaf, 306.) Indeed, it was formerly held that the action of replevin could only be maintained where there was an unlawful or tortious taking; but it is now settled beyond all question that it may be brought to recover property unlawfully detained; and so, under the Practice

Perkins v. Barnes.

Act of this State, property unlawfully detained may be recovered in an action analogous to the common law action of replevin.

But why is a demand upon the defendant to return the property necessary ? If it be necessary at all, it is simply for the purpose of evidence, and nothing more. If the defendant rightfully obtained possession of the property, that possession does not, it is said, become unlawful until demand is made by the owner. Such doubtless may often be the case, nevertheless the *wrongful detention* is the material and issuable fact. When it is shown that the owner delivered the possession of his property to an agent or bailee, the presumption would of course be that he held the possession subject to the will of the owner, until some fact is shown inconsistent with such presumption.

Our method of rebutting such presumption is by proving that the owner demanded the property, and that the defendant refused to deliver it. It is not however by any means the only method. But whether it be or not, the unlawful detention and not the demand is the ultimate and material fact to be established. Under our practice, the plaintiff makes out a case when he shows property or right of possession in himself, and an unauthorized detention by the defendant.

If he can establish these facts without showing a demand, why is his case not made out ? We know of no well-considered case where it has been held necessary to plead a demand. Hence it does not seem to be considered a fact necessary to perfect the plaintiff's right of action. If the demand be necessary to complete his right, it should surely be pleaded ; and an omission of such an allegation from the complaint would make it demurable.

We conclude, therefore, that a demand serves no purpose beyond that of showing that the detention is unlawful, and where that can be shown in any other way, it is unnecessary to prove a demand.

In this case, even admitting the defendant's possession to have been lawful, his answer rendered it unnecessary for the plaintiff to prove a demand ; because the only issue raised by the pleadings is upon the title and the value of the property, the defendant admitting the detention and justifying by claiming title and right of possession in himself. Upon these pleadings clearly it was only

necessary for the plaintiff to show that he was the owner, and entitled to the immediate possession of the property. That being established, the presumption would be that the detention would be wrongful.

He certainly could not be compelled to establish anything beyond these issuable facts.

Why then should the fact that no demand had been made by the plaintiff defeat his right of recovery? It was held in the case of *Seaver* v. *Dingley*, 4 Greenleaf, 306, that in replevin of goods, the original taking of which by the defendant was lawful if he plead property in himself, it is not necessary for the plaintiff to prove a demand for the goods previous to the bringing of suit.

That case is directly in point, and fully sustains our conclusion upon this question.

Judgment affirmed.

Dissenting Opinion of JOHNSON, J.

Aside from the pecuniary interests of the parties to this proceeding, additional importance attaches to a decision of the appeal, as a ruling on the law points in the case must to some extent control the action of our Courts in future proceedings of like character, seeing that this Court has not before passed upon the questions now brought up. My first impressions, upon examining the transcript of the case, were opposed to the judgment of the Court below; but desiring in this as in all other matters coming before us to defer to the views of my more learned and experienced associates, when not positively in conflict with a different understanding and sense of duty, I would not allow these first impressions to assume the form of an opinion until after a more mature consideration of the questions, with such aid as the authorities we have could furnish. These examinations lead me to a different conclusion from that expressed in the opinion of the other Judges.

In the first place, let us look at the pleadings in the case. The complaint sets up that plaintiffs are the owners of and entitled to the possession of the property, (describing it) that defendants wrongfully detain it, and the same is of the value of fifteen hundred dollars; with the usual prayer for an alternative judgment for the property or its value.

Defendant answering, denies the ownership or right of possession of plaintiffs or either of them to any part of the property; denies that he wrongfully detains it or any part thereof, and that it is not of a value exceeding seven hundred and fifty dollars.

These pleadings show that this was merely a statutory action, and governed by Chap. 2, Acts 1861, p. 329, under the distinctive form of *a claim* for *delivery* of *personal property*, between which and the common law remedy of *replevin* there is but a faint resemblance. In our proceeding, the action is founded on *detention;* but I think it would be a fruitless task to attempt to find a common law authority asserting the same rule in reference to *replevin*. It is not important, therefore I shall not stop to discuss the properties of the suit or proceeding in *replevin,* as it was originally employed at common law and afterwards extended by British statutes, more than to suggest this: that the authorities, Blackstone in his Commentaries, Chitty on Pleading, Stephens' *Nisi Prius,* Gilbert on Replevin, all agree in the proposition contained in Bacon's Abridgment, VIII, p. 525: "The common law action of *replevin* does not lie unless there has been a *a tortious taking*." And I conclude therefore that when the contrary is claimed, as apparently it is, in the opinion of Justice Lewis, it only refers to the action of *replevin* as established by statute in certain States, and which is necessarily governed by the provisions of such statutes.

I have stated already that our proceeding bears but little resemblance to the common law action of replevin; on the contrary, " claim and delivery of personal property," considered as a remedy, is much like the action of *detinue* at common law, it being the only remedy by suit at law for the recovery of personal chattels, except in those instances where the party could maintain *replevin;* and although it was generally held that *detinue* would lie when the defendant took the goods or chattels *tortiously,* (as in *replevin*) yet the gist of such an action was the detention, and not the *taking.* Furthermore the judgment in *detinue* was in the alternative that the plaintiff recover the goods, or the value thereof if he cannot have the goods themselves, and his damages for the detention and the costs of suit.

It needs no force of illustration to show the striking similitude

between that form of action and our statutory remedy, but when we look at the question as it stood before the days of the code—influenced and controlled by legislation and decisions of Courts in the United States—from an early day we find but few cases where the distinction was kept up between *replevin* and *detinue,* but they became blended under the one common name of *replevin.* In New York, by the Revised Statutes of 1830, an action of *replevin* could be brought for goods or chattels wrongfully distrained or otherwise wrongfully detained. (2 R. I. 764.) Moreover the action of the *detinue* was expressly abolished by the same law. (Id. 764.) The proceeding was in the *cepit* or *detinet,* according to the facts of the case, whether for a wrongful *distraint* or *taking,* or for a wrongful detention, as it might be. The pleas and defenses in such action were also regulated by the statute. (Id. 765.)

In a number of cases following the adoption of this statute, the Courts there held in effect, that "although goods have been tortiously taken, a *bona fide* purchaser under a wrong doer is not answerable to the owner until after demand and refusal." (*Barrett* v. *Warren,* 3 Hill, 348 ; *Pierce, Administrator* v. *Van Dyke,* 6 Hill, 613 ; *Millspaugh* v. *Mitchell,* 8 Barb. 333.)

In the first of these cases Judge Bronson, in the course of his opinion, says : " A man who innocently purchases property, supposing he should acquire a good title, ought not to be subjected to an action until he has an opportunity to restore the goods to the true owner ;" a reason founded on the most correct principles of justice.

Since the action of replevin, as adopted by the statute to which I have referred, has been superseded by the provisions of the code, and as a substitute therefor, in that State a like rule has obtained in their Courts. (*Hunter et al.* v. *Hudson River I. & M. Co.,* 20 Barb. 493 ; *Tallman et al.* v. *Turck,* 26 Barb. 167; *Gurney* v. *Kenny,* 2 E. D. Smith, 132.)

The last was a very extreme case ; the defendant's wife came into possession of stolen goods, knowing them to be such. Action was brought against the husband. Says the Court: " Where one is found in possession of goods which belong to another, or where he is sought to be held liable as in this case, constructively, on account of the possession of another without knowledge of him of any tortuous act

having been committed, a demand and refusal are necessary before an action can be maintained for the goods. He should have had an opportunity afforded him by a demand to return the *same* before he could be held responsible for a conversion of them."

In California the necessity of a demand and refusal before commencement of action seems to be recognized in *Daumiel* v. *Gorham*, 6 Cal. 43; *Taylor* v. *Seymour et al.*, Id. 512; *Riley* v. *Scannell*, 12 Cal. 73. In the latter case there was no allegation in the complaint, nor was there proof of demand of the property prior to the bringing of the action, and so far as I can discover the decision may have been grounded on either of these defects.

On this point I think the weight of authority observes this distinction, that if the action be against the *tort feasor*, or one in possession of chattels *mala fides*, no previous demand is necessary; but where such action is against an innocent purchaser or holder, such a demand is indispensable.

The main cases cited by Justice Lewis are seemingly opposed to this; indeed the rule is quite broadly stated, that in the action of *replevin* as known to the statutes of that State, no previous demand for the property in any case is needed, although upon a careful examination of the first of these cases (4 Greenleaf, 306) it will be observed that the decision *need not* depend on the question of demand; for the findings of fact by the jury showed that Reed, claiming to have purchased the goods of plaintiff, by means of his fraud and falsehood, and that by fraudulent management, Dingley, the defendant, procured the goods from Reed: a state of facts widely different from the condition we find them in this case. The facts then fully sustained the ruling of the Court on the question of demand, even if tested by the rule above stated. It is true the other and later case, *Galvin* v. *Bacon*, distinctly holds that demand is not necessary, yet I am unwilling to accept it as the law when I find the contrary, and what seems to me the juster rule, fortified by authority as I have shown, and maintained upon a principle and with a reasoning which is positively unanswerable.

If my conclusions on the first point be correct—that demand must be made in a case like this—then it necessarily follows that such a demand must be pleaded.

A complaint under our system of pleading must contain a statement of the *facts* constituting the cause of action. Under the statute a mere *detention* of property will not support the action, but the detention must be wrongful. Whether the detention is *rightful* or *wrongful* depends on the circumstances of the particular case, and must be shówn by the complaint. As for instance : if the defendant *wrongfully took* the property, this is a fact to be stated; as *prima facie* the detention is wrongful. But if the party has come into possession of it under circumstances like the present, a refusal to deliver on demand of the party rightfully entitled to its possession makes a further detention *wrongful;* and such demand and refusal are material facts to be shown by proof, and necessary to be stated in the complaint. If a *wrongful detention* is evidenced by alleging that the party *wrongfully detains,* it is merely showing a fact by the statement of a legal conclusion, which is not permitted under our practice. " Facts and not conclusions of law must be stated." This view of the matter is furthermore strengthened by reference to the affidavit required in such cases. Where a delivery is claimed, an affidavit shall be made   *   *   *   showing   *   *   *   2d, that the property is *wrongfully detained* by the defendant." Not simply a statement that the party " wrongfully detains," but showing it by a statement of the facts which makes such detention wrongful.

Van Santvoord thus states the law under the code, as settled in New York. In respect to the demand for the goods and refusal of the defendant to deliver the same, these should be alleged whenever proof of them is necessary to sustain the action. Thus in an action against a bailee who has come lawfully into possession of personal property, the complaint shall aver a demand of the goods and refusal, or allege that the defendant has sold or destroyed the property, which is equivalent to a wrongful taking. And generally whenever a demand of the goods is necessary to show the plaintiff's right of action, it must be alleged ; and if not alleged, it cannot be proved on the trial. (1 Van Sant. Pl. 276.) Proof of demand and refusal was necessary before the code as it is since. (*Bates et al.* v. *Conkling,* 10 Wend. 389.) In *Bristol* v. *The Rensellaer & S. R. Co.,* 9 Barb. 158, Cady, J., in pronouncing the opinion

of the Court, says: "By the code the plaintiff must in his complaint state facts constituting his cause of action. He is not at liberty to make out his cause of action by proving facts not alleged in his complaint."

Judge Clarke in *Fuller* v. *Lewis*, 3 Abbott's Pr. R. 383, avers the entire grounds on this point as follows: "According to the code every complaint must contain the facts constituting the cause of action, meaning of course all the issuable facts. Therefore if a demand and refusal are issuable facts material to the maintenance of the action, whatever might have been the former rule on the subject they must now be stated in the complaint. It appears to me beyond question not only to be a well established rule, but a wise and just one, that where personal property, the subject of the action, has come into possession of the defendant by *the delivery of the wrong doer*, it is necessary where the defendant merely detains them to prove that he has refused to deliver them up upon demand by the plaintiff. And it matters not what was the nature or character of the fraud by which the property was originally obtained from the plaintiff, or in what character or in what manner it was delivered to the defendant, if no fraud or complicity in the transaction can be imputed to him." And generally as to the facts required to be pleaded, see *Eno* v. *Woodworth*, 4 Coms. 249; *Garvey* v. *Fowler*, 4 Sand. 667; *Man* v. *Morewood*, 5 Sand. 558; *Smith* v. *Leland*, 2 Duer, 497; *Fairbanks* v. *Bloomfield*, Id. 349; *Lienan* v. *Lincoln*, Id. 670; *Lawrence* v. *Wright*, Id. 673; *Allen* v. *Patterson*, 3 Selden, 478; *Safford* v. *Drew*, 3 Duer, 632; Tiffany & Smith's Practice, 343–4; *Piercy* v. *Sabin*, 10 Cal. 28; *Jerome* v. *Stebbins*, 14 Id. 457; *Green* v. *Palmer*, 15 Id. 415; *Tissot* v. *Darling*, 9 Id. 285; *Levison* v. *Schwartz*, 22 Id. 229.

As a demand and refusal was necessary to be shown, both in the complaint and by the proofs, the defendant was not called on to set up in his answer the want of such demand. He was not required to answer what was not alleged, and if he answered a legal conclusion by a denial in similar terms, it certainly did not affect his defense either as against the complaint because of a want of the material averment, nor upon the trial for the lack of evidence on part of plaintiff. Nor can I see wherein the defendant was cut

off from this defense by reason of claiming ownership of the property. "The defendant may set forth by answer as many defenses * * * as he may have." (Pr. Act; § 49.) Can it be said, that if demand and refusal had been stated in the complaint, the defendant would not have been permitted to deny these averments, and also plead property in himself? Undoubtedly this would have been his privilege. Wherefore, then, shall he be denied the same right, when the complaint does not state nor the proof show a demand?

The case of *Seaver* v. *Dingley*, before cited, is referred to by Justice Lewis on this point. The point decided there turned on a question of pleading, under the practice of that State, and cannot be considered as authority under our code, where the pleadings and practice are so dissimilar.

Wherefore I conclude, that upon the record the judgment should have been the other way.