[No. 4,148.]

## SAMUEL F. GEIL *v.* ELISHA STEVENS.

SHERIFF'S FEES FOR KEEPING PROPERTY.—A Sheriff is not entitled to keeper's fees, or the expense of feeding stock under attachment, unless the Court from which the writ issues certifies that the charges are just and reasonable.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Thomas Watson was Sheriff of Monterey County. The defendant Stevens procured a writ of attachment against the property of one Billings, which was placed in the hands of Watson, as Sheriff, on the 3d day of December, 1869. He attached horses and mules, and charged keeper's fees, and the expenses of feeding the animals in a stable. His bill for these services was assigned to the plaintiff, who brought this action to recover the same. No certificate

was procured from the Court that the charges were reasonable.    The Court below granted a nonsuit, and the plaintiff appealed.

*Barstow* and *Stetson & Houghton,* for the Appellant.

The right of a Sheriff to recover for his necessary fees in taking and caring for property attached in a case, at the request of plaintiff, is not a statutory right, and it is only when a new right is created by statute, and the same statute prescribes a particular remedy for its recovery, that the remedy pointed out must be strictly pursued.

Independent of the statute, he could, as bailee, recover in a suit at law.    (Story on Bailments, sec. 131; Crocker on Sheriffs, secs. 371 and 824; *Smith* v. *Birdsall,* 9 Johns. 327; *Eastman* v. *The Coos Bank,* 1 N. H. 26; *Tarbell* v. *Dickinson,* 3 Cush. 345.)

When a remedy is given by an affirmative statute, a remedy previously existing at common law is not taken away, unless prohibited by express words.    (Sedgwick on Stat. and Con. Law, p. 39, and cases cited.)

*W. H. Patterson* and *Joseph P. Phelan,* for the Respondent.


By the COURT:

By the statute (Sec. 2,803 Hitt. Gen. Laws) the Sheriff is allowed certain designated fees, and he is also allowed "such further compensation for his trouble and expense in taking possession of property under an attachment or execution, or other process, and preserving the same as the Court from which the writ or order may issue shall certify to be just and reasonable."    We think that in the absence of the required certificate, the Sheriff is entitled to nothing more than the fees enumerated in the statute, and cannot legally claim the "further compensation" sought to be recovered in this action.

Judgment and order affirmed.