[No. 2,907.]

## THOMAS W. LANE *v.* W. H. McELHANY.

COMPLAINT IN ACTION FOR SHERIFF'S FEES.—In a complaint in an action brought by a Sheriff for official services in levying an execution, it is not necessary to aver the value of the services rendered, as the law fixes their value.

IDEM.—In such complaint, it is not necessary to allege a demand. An allegation of a special request by the defendant, that the plaintiff should perform the services, is sufficient.

IDEM.—In such complaint it is not necessary to aver that the sums due the

plaintiff, were not collected by the sheriff by a sale of the property levied on.

Sheriff's Fees in Keeping Property.—In an action by a Sheriff, to recover for his services in keeping property levied on by virtue of an execution, the complaint is insufficient which neither avers what the services were reasonably worth, nor that the Court, from which the execution issued, had certified that the amount was just and reasonable, and such certificate is the proper evidence of the value of the services.

Appeal from the District Court, Fifth Judicial District, County of Stanislaus.

McElhany, the defendant, recovered a judgment in the County Court of Sonoma County, against Samuel Gates *et al.*, and on the 9th day of July, 1869, procured an execution directed to the Sheriff of Stanislaus county, and placed it in the hands of the plaintiff, who was such Sheriff. The Sheriff levied on property, and March 9, 1870, brought this action to recover for his services, and the fees of a keeper. The complaint, after allegations that the plaintiff was Sheriff, and that the execution was issued and placed in his hands, proceeded as follows:

"That in pursuance of the said execution, and at the special instance and request of the said defendant, W. H. McElhany, the said plaintiff as Sheriff, as aforesaid, did render and perform certain work, labor and services for the said defendant, W. H. McElhany, between the 18th of July, A. D. 1869, and the 1st day of March, A. D. 1870, whereby the said defendant, W. H. McElhany, became indebted to the said plaintiff for the services done and performed as aforesaid, as follows, to wit:

To levying execution in the aforesaid case of *McElhany* v. *Gates et al* ......................... $ 2 00
To advertising property in said case............. 3 00
To mileage—38 miles, in said case ............. 19 00
To Keeper's bill for taking care of property levied upon, 226 days, at $2 50 per diem .......... 565 00
Paid County Clerk of San Joaquin ...., ......... 6 00

Amounting to the total sum of. ................. $595 00

"That no part of the said sum has been paid; wherefore,

plaintiff prays judgment for the sum of $595, and for all costs of suit."

The defendant interposed a general demurrer to the complaint, which was overruled. On the trial, the plaintiff proposed to prove by himself and others, the value of his work and services in taking possession of, and preserving the property levied on. The defendant objected that the certificate of the Court was the only competent evidence of the value, and that the evidence was not competent under any allegation of the complaint. The Court overruled the objection. There was no evidence of any certificate by the Court. The Court below rendered judgment in favor of the plaintiff for all the items contained in the complaint, except the item of $6 clerk's fees. The defendant appealed.

*Hall & Montgomery*, for the Appellant, argued that the action could not be maintained without a previous demand, as where prepayment was not required, the suitor did not know the amount, and that, as the Sheriff's fees depended on the distance traveled, and the time employed in keeping the property, the officer himself would not know the amount until the services were rendered, and the suitor ought not to be in default without a demand. They also argued that the presumption was that the Sheriff levied on property sufficient to pay the fees, and cited *Mickles* v. *Haskin*, 11 Wend. 125. As to the item for keeping the property they argued, that the certificate of the Court was required that it was reasonable, and cited Hittell, Art. 2,717.

*S. P. Scaniker*, and *Schell & Scrivner*, for the Respondent, argued that the allegation that the services were performed at the request of the defendant was sufficient, as the law implied that the defendant contracted to pay the plaintiff the sum he was entitled to by law, and cited Crocker on Sheriffs, Sec. 805. As to collecting the plaintiff's fees by levying on property, they argued that it was sufficient to aver that the fees had not been paid. They also argued that the statute which provides: "That the Sheriff shall

be allowed such further compensation for his trouble and expense in taking possession of the property under attachment or execution or other process, and of preserving the same, as the Court from which the writ or order may issue, shall certify to be just and reasonable," (Hittell, Art. 2,717,) was evidently intended to enable the Sheriff to collect any fees which many be due him for such services, by having execution therefor issued from the Court in which the action is pending, and not to enable him to maintain, nor to prevent him from maintaining suit in any other Court having jurisdiction of the amount claimed, for the recovery of a "just and reasonable compensation" for the services.

By the Court, McKINSTRY, J.:

The general demurrer to the complaint was properly overruled. The Court below did not include in its judgment the six dollars paid to the County Clerk, and, as we shall see, the plaintiff was not entitled to recover the keeper's fees. But the law fixes the sums which the Sheriff is authorized to charge for "levying execution," "advertising" and "mileage," so that it was not necessary to allege the value of those services. Nor was a demand a prerequisite to maintaining this action; the complaint alleges a special request by the defendant, and this is in effect an allegation of a specific contract that defendant should pay the legal fees, including such sum for mileage as should equal the statute allowance. The defendant was liable in the first instance for the mileage, levying of execution and advertising; if the amount or a portion of it was collected of the defendant in the execution, this could have been pleaded and proved by the present defendant as a complete or partial defense.

The objection to the proof of value of the service of "keeping" the property should have been sustained. There was no averment in the complaint as to what plaintiff reasonably merited for such service, nor was there any averment or evidence of a certificate by the Court from which the execution issued, fixing an allowance for keeper's fees. (*Geil* v. *Stevens*, 48 Cal. 590.)

Cause remanded, with directions to the Court below to modify the judgment so that the recovery of the plaintiff shall be for the sum of twenty-four dollars only. Remittitur forthwith.

Mr. Justice CROCKETT did not express an opinion.