GEORGE BARMAN vs. AARON P. MILLER and others.

March 29, 1877.

Sheriff—Expenses and Fees for Taking and Holding Property where the Levy is Ordered to Stand as Security.—Plaintiff obtained judgment regularly by default against defendant H., and caused execution to be issued and levied upon certain of his personal property. On defendant's motion the judgment was set aside, default opened, and leave given to answer, on condition that such judgment, execution, and levy should stand as security for plaintiff's claim, to abide the event of the action. Subsequently, on stipulation of parties, the answer which defendant had interposed was withdrawn, and judgment was authorized to be entered, and execution to be issued anew against defendant, which was done. On the taxation of costs, plaintiff was allowed certain sums for necessary expenses and fees incurred by the sheriff on the first execution, in making the levy thereon, etc., and in keeping and taking care of the property levied on, to the time of the entry of the second judgment. *Held*, that the first execution, under the circumstances, per-

formed the office of a writ of attachment, and that the sums allowed were properly taxable as fees and disbursements incurred under such a process.

**Same—Allowance of such Fees and Expenses by the Court is Necessary.**—Under the statute which allows to the sheriff, for necessary expenses incurred by him to secure and safely keep property seized under an attachment, such sum as may be allowed by the court, a previous allowance by the court is necessary to authorize the clerk, as a taxing officer, to tax the same, in the adjustment of a bill of costs. When, however, such a sum is taxed without a previous order of allowance by the court, the irregularity is cured by the subsequent action of the court, on appeal, approving the same as reasonable and necessary.

**Same—Fees on Returning Subpœna Not Found.**—In the service of a subpœna by a sheriff, when the party upon whom service is sought to be made cannot, after diligent search and enquiry, be found, the officer is entitled, for such search, enquiry, and return, when made, $1.

Appeal by defendants from a judgment of the district court for Nobles county, *Dickinson*, J., presiding.

*Clark & Soule*, for appellants.

*Daniel Buck* and *Daniel Rohrer*, for respondent.

CORNELL, J. As respects defendant Miller, he is in no position to raise, in this court, any question of the kind herein involved, as he failed to interpose his objections in the court below. As to the defendant Humiston, it appears that judgment was first regularly rendered against him by default, in September, 1875; that, after execution had been issued and levied upon a large amount of personal property, he made a motion to set aside the judgment, to open his default, and for leave to answer. The court so far allowed his motion as to open the default, set aside the judgment, and permit him to plead, but expressly provided that such judgment and execution, together with the levy, should stand as security for the claim of plaintiff, to abide the event of the action, and that the execution and levy might be renewed from time to time, and thus kept alive. The defendant thereupon interposed an answer to the merits, and the action remained pending for trial, upon the issue of fact so joined, until the March term of the court, in 1876, when the defendant Humiston, in open court, stipulated for the entry anew of judgment against him, and for the further

continuance in force of the execution for fifteen days, and thereupon the court, pursuant to such stipulation, ordered judgment accordingly. Plaintiff's costs and disbursements were thereupon taxed by the clerk, and, upon the affirmance of the taxation by the district court on appeal, the judgment was entered.

The bill of costs, as taxed and allowed, contains several large items for expenses incurred and services rendered by the sheriff, in taking care of and preserving the property levied upon by him, under the execution issued upon the judgment, during the time proceedings thereon were stayed in his hands, and before the entry of final judgment under the order of the court pursuant to the stipulation. The principal grounds of objection to these items are that they are in the nature of prospective costs, accruing after judgment, and, like the poundage of the officer upon an execution, not taxable as a part of the costs to be inserted in the judgment, but to be collected by him, if at all, in like manner as his poundage; that the clerk had no jurisdiction to allow them, in the absence of a prior allowance by the court, and that they are unreasonable in amount, and not sufficiently stated in detail.

Under the hereinbefore-recited orders and stipulations it is obvious that the sole office performed by the execution, after the setting aside of the judgment upon which it was issued, was that of a writ of attachment to hold the personal property levied upon as security for the satisfaction of such judgment as might be finally recovered in the action; and, hence, the statutory provisions regulating the matter of costs in connection with the service of a process of attachment must govern in the determination of the present question. It follows that the sheriff was entitled, in this case, for the necessary expenses incurred by him to secure and safely keep the property seized under the execution in question, to such sum as might be allowed therefor by the court, (Gen. St. c. 70, § 10, p. 507,) and the sum so

allowed was a proper item to be taxed and inserted in the entry of judgment, by the clerk, upon the taxation of costs. Correct practice, undoubtedly, requires the ascertainment of such sum by the court in the first instance, and it would be the duty of the clerk to reject any such item, without a previous allowance by the court. The action of the clerk, therefore, in this case was irregular; but, as the court subsequently passed upon the disputed items, and approved them, the main object of the statute—an allowance by the court—was accomplished, and no prejudice has resulted. Whether the expenses charged in this case were necessary and reasonable was a matter addressed to the discretion of the court below, and its conclusion thereon, upon the affidavits before it, is not one which an appellate court can disturb.

The six items objected to, which include fees for making the levy, inventory, posting notices of sale, etc., on the first execution were properly allowed, for the reason that the services were legally rendered by the officer, and he was lawfully entitled to the compensation charged therefor at the time. The fact that the office of the process was subsequently changed, at the instance of the defendant, to that of an attachment, so that it became impossible to collect his fees thereon by executing it as final process, could not defeat his right thereto, nor relieve defendant of his liability for their payment. By the act of defendant they became proper expenses incurred before judgment, and chargeable against him; and, as they could not be collected on the execution which was finally issued on the final judgment, they were properly taxable and inserted, as plaintiff's costs, in the judgment.

The item of $1, for sheriff's fees for search, enquiry, and return on subpoena, was properly allowed. The statute expressly authorizes a sheriff to charge for any services not therein enumerated, and by him performed, the same fees allowed him by the statute for similar services. Gen. St.

c. 70, § 10, last paragraph. He is allowed this sum for diligent search, enquiry, and return of summons, where the party cannot be found, and the service performed in this case is of a similar kind, and equally necessary.

None of the other objections made require any further notice than that we deem them wholly untenable.

Judgment affirmed.