[No. 8,184.—Department One.]
July 27, 1882.

## W. R. BOWER v. IRA P. RANKIN ET AL.

KEEPER'S FEES—SHERIFF—KERN COUNTY.—Under Section 9, of the Act of March 5, 1870, entitled " An Act to regulate fees of office," etc., the Sheriff of Kern County is not entitled to be paid for his trouble and expense in taking and keeping possession of and preserving property under attachment or execution or other process, until the allowance for the same is fixed or taxed by the Court.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Kern. BRUNDAGE, J.

*Philip C. Galpin*, for Appellants.

*J. W. Freeman*, for Respondent.

McKINSTRY, J.:

The "bill of items," set forth in the complaint is as follows, to wit: "Levying attachment, two dollars; making two copies thereof, two dollars; mileage, sixty-seven miles to serve attachment, twenty dollars and ten cents; filing copy of attachment in County Recorder's office and for recording, two dollars; taking inventory, five dollars; expenses of extra man one day, nine dollars; expenses of gathering personal property, ten dollars; keeper's fees, three dollars per day from September 1, 1879, to February 24, 1881, one thousand six hundred and twenty-six dollars, amounting in the aggregate to the sum of one thousand six hundred and seventy dollars and ten cents."

The judgment was in favor of plaintiff for the sum of one thousand six hundred and seventy dollars and ten cents, together with one hundred and fifty dollars and ten cents for costs, etc. It should have been for twenty-six dollars and ten cents without costs.

By the statute the Sheriff of Kern is entitled to be paid "for his trouble and expense in taking and keeping possession of and preserving property under attachment or execution, or other process, *such sum as the Court shall order*, provided that no more than three dollars per diem shall be *allowed* to

a keeper." (Stats. 1869–70, p. 158.) The statute requires the "allowance" shall be fixed or taxed by the Court from which the process issues, or in which the suit wherein the process has issued is pending.

The complaint does not allege, nor do the findings show, that any allowance had been made by the Court to the Sheriff "for his trouble and expense in taking and keeping possession of and preserving property" under the attachment.

Judgment reversed and cause remanded, with directions to Court below to enter a judgment in favor of plaintiff in the sum of twenty-six dollars and ten cents, without costs.

Ross and McKee, JJ., concurred.