[No. 11700.   Department One. — August 30, 1887.]

## B. E. SHUMWAY, RESPONDENT, v. JERRY LEAKEY, APPELLANT.

ATTACHMENT FEES — SHERIFF OF LASSEN COUNTY — ORDER FOR ALLOWANCE. — Under the act of 1869, fixing the fees of the sheriff of Lassen County for his trouble and expense in taking and keeping possession of and preserving property under attachment at such sum as the court shall order, the sheriff is not entitled to any fees for such services, unless the court makes an order allowing them.

ID. — ORDER FOR ALLOWANCE OF FEES HOW MADE. — The order allowing such fees must be made in the attachment suit; and an order for their

allowance made in another action, or a direction to pay them given by the judge to the sheriff on the street, is insufficient.

ACTION AGAINST SHERIFF — REFUSAL TO PAY OVER MONEY — DEMAND — PENALTY. — In an action against a sheriff, under section 4181 of the Political Code, to recover certain money belonging to the plaintiff which had come into the hands of the defendant by virtue of his office, and which he had refused to pay over on demand, the plaintiff is not entitled to recover the penalty provided by the section, if the demand made on the sheriff was for the payment of a larger amount than the plaintiff was entitled to.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. V. Spencer*, and *J. E. Raker*, for Appellant.

*J. D. Goodwin*, and *A. L. Shinn*, for Respondent.

HAYNE, C. —This is an action under section 4181 of the Political Code, which provides, in relation to a sheriff, that "if he neglects or refuses to pay over on demand to the person entitled thereto any money which may come into his hands by virtue of his office (after deducting his legal fees), the amount thereof, with twenty-five per cent damages, and interest at the rate of ten per cent per month from the time of demand, may be recovered by such person."

The defense of the sheriff was, that after deducting his legal fees there remained only $76.66, which he duly tendered to the plaintiff, but which plaintiff refused to receive. The fees which he claimed the right to deduct were keepers' fees, etc., upon an attachment in the cause. The controversy turns upon the right to deduct these fees.

The provision of the statute in relation to the fees of the sheriff of Lassen County is as follows: —

"For his trouble and expense in taking and keeping possession of and preserving property under attachment or execution, or other process, such sum *as the court*

*shall order*, provided that no more than three dollars per diem shall be allowed to a keeper." (Laws 1869–70, p. 158.)

With reference to similar provisions, it is the settled rule that unless the court makes such order the sheriff has no right to the fees. (*Bower* v. *Rankin*, 61 Cal. 108; *Lane* v. *McElhany*, 49 Cal. 424; *Geil* v. *Stevens*, 48 Cal. 590.)

Now, in this case there was no such order. The findings state that the sums claimed as fees were paid by the sheriff " without at any time obtaining an order of said court, allowing, fixing, or authorizing such payment, or any portion thereof." And this finding is sustained by the evidence.

The objection to the offer of defendant to prove that before paying out the fees " he had asked the Honorable J. W. Hendrick, superior judge, about paying the bills, upon meeting said judge upon the street, and that said judge told him to pay them," was properly sustained. What the judge told the defendant on the street is not an order. Even if the judge had promised out of court to have the order entered, it would not have amounted to an order. (*Campbell* v. *Jones*, 41 Cal. 518.)

Nor was there error in the denial of the defendant's motion, made after the plaintiff had rested his case, to have the court then make an order allowing the fees. Such order was to be made, if at all, in the attachment suit. The motion was not a part of the case before the court, and hence cannot be considered on this appeal.

The court, therefore, properly rendered judgment against the defendant.

But we think the court erred in allowing the penalty of twenty-five per cent, and interest at ten per cent per month. The statute provides that the penalty is to be imposed for non-payment "on demand." In seeking to avail himself of such a severe penalty, the party must be exact in his proceedings. And without expressing any

opinion as to whether a demand in general terms, without naming any sum, would have been sufficient, we think that a demand for $921.47, when the amount claimed in the complaint was only $848.73, and the amount found to be due only $366.73, was not sufficient. This point does not appear to have been taken before the learned judge of the court below; nor is it made on appeal. But we think that justice requires this disposition of the case. In this view, it is not necessary to determine whether the penalty can only be recovered in an action for a false return.

We therefore advise that the judgment be reversed, and the cause remanded, with directions to enter judgment for $366.73, with interest from February 25, 1885, at legal rates, and for costs of suit.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with directions to enter judgment for $366.75, with interest from February 25, 1885, at legal rates, and for costs of suit.