First National Bank of Stevens Point vs. Kickbusch.

FIRST NATIONAL BANK OF STEVENS POINT, Appellant, vs. KICKBUSCH, Respondent.

*November 11 — November 25, 1890.*

*Fees of sheriff: Attachment: Allowance for taking and caring for property: Demand.*

1. Until the court from which an attachment issued has made an allowance for the expenses incurred in taking possession of property and preserving it, under subd. 25, sec. 731, R. S., the sheriff has no right to retain, on account of such expenses, any portion of the moneys collected.

2. The plaintiff claimed certain moneys collected by the defendant as sheriff, and alleged that the defendant refused to pay the same. The defendant claimed the money as his own by a superior right, denied the plaintiff's claim, and had converted the money to his own use. *Held,* that no demand was necessary.

APPEAL from the Circuit Court for *Marathon* County.

Action against the defendant as sheriff for wrongfully retaining a portion of the moneys received by him on the sale of certain personal property which had been seized by him under an attachment, and sold under an execution issued upon a judgment recovered by the plaintiff in the circuit court for Portage county. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *Raymond & Brennan,* and oral argument by *John H. Brennan.*

For the respondent the cause was submitted on the brief of *Bardeen, Mylrea & Marchetti.*

ORTON, J. The respondent, as sheriff, collected on a judgment in favor of the appellant against Rosenfeld, Newman & Co., the sum of $1,853.46, and paid over to the said appellant the sum of $1,138.89, and retained the sum of $714.57, the balance thereof, as his proper fees and charges

as such sheriff, and which he refused to pay to the appellant. The appellant claims that such fees and charges should not exceed $200, and that the residue thereof ought to have been paid over to him. The case was referred to the Honorable George R. Gardner, as sole referee, to hear, try, and determine, by the stipulation of the parties. It is alleged in the amended answer that the bill of such costs and charges was allowed and adjusted at said amount by W. W. Haseltine, Esq. (now deceased), one of the attorneys of the appellant. In the bill of such costs and charges is the item of $347.44 for the care and preservation of the attached property.

The referee found that such adjustment and settlement of the costs and charges, as alleged in the amended answer, were not proved, and that no application was made to the court in that case to fix said charge for the care and preservation of the property, pursuant to subd. 25, sec. 731, R. S., by the appellant or any other person; but found that the whole bill of the respondent, for his costs and charges, should stand at said amount, because he had no right to tax or retax tl  same; and as a conclusion of law that the complaint should be dismissed. The referee gave his opinion that, until the charge for the care and preservation of the attached property is fixed by that court, the appellant cannot maintain his action. The circuit court confirmed the report of the referee, and dismissed the action. From that judgment the appellant has appealed to this court.

1. It does not appear from the evidence that the said Haseltine ever allowed or adjusted the respondent's bill of costs and charges. Besides the incompetency of the evidence to establish such a transaction between the respondent and the said Haseltine, now deceased, as the agent or attorney of the appellant, there is no preponderance of the testimony in favor of such an adjustment.

The respondent's bill for his costs and charges seems to

be reasonable and proper, except as to said charge of $347.44 for taking care of the attached property. The learned referee held that he had no right to make such an allowance, and that it could only be made by the court in such original action, and that until it is so made pursuant to said statute this action cannot be maintained. The learned circuit court probably adopted this view of the question. This conclusion from such premises appears to be unreasonable and inconsistent, as well as illogical. The appellant sues the respondent as sheriff for moneys collected by him on a judgment and execution in its favor, and which he has refused to pay, and sets up in defense of such refusal that, as to this amount, he has the right to retain it as his proper charge for taking care of the attached property. He can make no such claim in defense of this action, because this charge has not been decided to be just and reasonable by the court in the original action, any more than he could bring an action for it until that court had so decided.

2. In this action he has shown no right to retain this amount of the appellant's money as a legal charge for taking care of the property, because that court has never made such an allowance. The referee first holds that he has no right to decide that charge to be just and reasonable, and then decides that it is, to that extent, a good defense to the action. Why? Because it is just and reasonable. This appears to be a contradiction in terms. Both the referee and the court correctly held that this charge could not be made until it is first allowed by the court in the original action as a condition precedent. It follows, therefore, that it was no defense to the action, in the condition it then was, and the appellant had the right to recover at least that amount. The statute above referred to (subd. 25, sec. 731, R. S.) is as follows: "All such necessary expenses incurred in taking possession of any goods or chattels, and preserving the same, *as shall be just and reasonable in the*

*opinion of the court.*" This provision is found in the section relating to the fees of a sheriff for his services. This provision evidently refers to the court in which the attachment was issued, and it is a very wise and proper one. That court adjusts all the other fees, costs, and accruing costs, and is better qualified, from a knowledge of the case, than any other court could be to make such an allowance. In that court is the judgment; and all questions as to payments upon it, or as to the satisfaction thereof, are determined by it. The evidence as to the reasonableness of such charges is at hand, and if any court thereafter at any time is to pass upon such charges, it might be distant and difficult to obtain, if it should be in existence at all. Until this condition precedent is performed, the sheriff has no legal charge for such services as a cause of action or defense in any other court. This would seem to be clear enough from the statute itself. The sheriff has no right to retain the plaintiff's money for such services until and unless such an allowance thereof is made by the court.

In a late case in Michigan (*Fletcher v. Morrell,* 78 Mich. 176) it is held that when his fees or compensation for the custody of property in attachment are not fixed by the statute, the sheriff must apply to the court, on motion and notice, for such allowance. In *Shumway v. Leakey,* 73 Cal. 260, under a statute providing that a sheriff shall be allowed such fees " for his trouble and expense in taking and keeping possession of and preserving property under attachment *as the court shall order,*" it is held that such fees, without such order, are no justification for the sheriff to retain the same from moneys collected on the attachment and execution for the plaintiff, where he was prosecuted for the penalty for refusing to pay over the same. It was held also that such order can be made only by the court in the attachment suit. This case is precisely in point. In *Geil v. Stevens,* 48 Cal. 590, the assignee of the sheriff of his

"keeper's fees" and expenses of feeding animals taken under an attachment brought suit to recover the same. A former statute of that state was then in force, as follows: The sheriff is allowed certain designated fees, and "such further compensation for his trouble and expense in taking possession of property under an attachment, . . . and preserving the same, as the court from which the writ may issue *shall certify to be just and reasonable*." It is held "that in the absence of the required certificate the sheriff is entitled to nothing more than the fees enumerated in the statute, and cannot legally claim the 'further compensation' sought to be recovered in this action." In *Lane v. McElhany*, 49 Cal. 421, the sheriff brought suit for his fees for keeping the property taken on execution. It is held that he must aver in his complaint that he had procured such certificate. In *Bower v. Rankin*, 61 Cal. 108, the sheriff sued for his enumerated fees of $26.10, and "keeper's fees" of $1,626, and recovered the whole thereof. On appeal to the supreme court, that court held that he ought not to recover for his trouble and expenses in taking and keeping possession of the property and preserving the same, because the complaint does not allege, nor the findings show, that any allowance had been made by the court of the same.

At common law, a sheriff had no right to any fees for performing any acts of official duty. *Dew v. Parsons*, 1 Chit. 295; *Sherley v. Packer*, 1 Rolle, 313; Bac. Abr. "Fees," A. In New York, Massachusetts, Ohio, and many other states, no fees are allowed for taking care of the property taken on attachment or execution. *Crofut v. Brandt*, 58 N. Y. 106. It is allowed by our statute on this condition only, that the court in which the attachment issues shall be of the opinion that they are just and reasonable. It is not an allowance made by the statute, but by the court, and the court only can make it. The appellant was entitled to

a judgment for such amount as the respondent retained for such services.

3. The learned counsel of the respondent contends that the appellant can have no action for such moneys without a previous demand. The appellant claims the money as his, and alleges that the respondent refuses to pay the same. The respondent claims this money as his own by a superior right, denies the claim of the appellant, and has converted it to his own use. In such a case, no demand is necessary. *Oleson v. Merrill,* 20 Wis. 462; *Seaver v. Dingley,* 4 Me. 307; *Partridge v. Swazey,* 46 Me. 414; *Smith v. McLean,* 24 Iowa, 322; *Perkins v. Barnes,* 3 Nev. 557; *Simpson v. Wrenn,* 50 Ill. 224.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.