A. Y. MORE AND J. L. More, a Copartnership Doing Business under the Firm name and Style of More Brothers, v. WESTERN GRAIN COMPANY, a Corporation.

(149 N. W. 564.)

**Substitution of party defendant — order for — appealable — motion to dismiss appeal.**

In an action for the recovery of money only, brought against the Western Grain Company, an order was made, on defendant's motion, substituting Albert Lane, as receiver, as the defendant in lieu of such Grain Company, from which order of substitution plaintiffs appeal. After such substitution Lane procured a judgment dismissing the action as to him upon the ground that the complaint fails to state facts sufficient to constitute a cause of action, and that permission to sue him, as such receiver, had not been granted. He now moves to dismiss plaintiffs' appeal from such order of substitution, upon the ground that the entry of the judgment of dismissal renders the question involved on the appeal wholly moot.

*Held*, that the grounds of such motion are untenable.

Opinion filed November 30, 1914.

Motion to dismiss an appeal from an order made by the District Court of Hettinger County.

Motion denied.

*F. C. Heffron* and *Emil Scow* for the motion.

*J. K. Murray* and *Alfred Zugeo,* contra.

FISK, J.   This is a motion to dismiss an appeal taken by the plaintiffs from a certain order substituting Albert Lane as defendant in the place and stead of the Western Grain Company, the original party defendant.   Such motion is made by and on behalf of the said Albert Lane and the defendant and respondent, and the ground of the motion is that the question involved on such appeal has become moot by reason of the fact that after the order appealed from was made and entered the action was, on motion of the said Albert Lane, dismissed as to him.

The action in which the order appealed from was made is the ordi-

nary civil action to recover damages for the alleged conversion, by the defendant Western Grain Company, of certain grain, which action was commenced in December, 1913, and shortly thereafter defendant's attorney moved that Albert J. Lane, as receiver of the property of one Charles Procise, be substituted as defendant in lieu of the Western Grain Company, which motion was granted by an order entered on February 12, 1914, from which order plaintiffs appealed on March 17, 1914. The record before us discloses that on February 12, 1914, a judgment was entered on motion and in behalf of Albert Lane, as such receiver, dismissing the action as to him and awarding him costs for the sum of $35.50.

The question for decision, therefore, is whether, under these facts, plaintiffs' appeal from the order of substitution of Lane, as receiver, in lieu of the Western Grain Company, the original defendant, should be dismissed because of the entry of the judgment aforesaid. In other words, is the question which plaintiffs seek to have determined by its appeal from the order, merely a moot question? We are clear that it is not, and that the motion to dismiss such appeal should be denied. If the order of substitution is held erroneous, it would follow logically and necessarily that the action is still pending as against the Western Grain Company. It has never been dismissed as to it. Whether such order is or is not erroneous, of course, goes to the merits of the appeal, and will not be considered on this motion. All we decide at this time is that a reversal of the order appealed from will leave the original parties just where they stood prior to the making of such order. It would be rather a novel doctrine, to say the least, that if a stranger to the litigation may intrude himself therein as a party defendant in lieu of the party whom plaintiffs elected to sue in an action for the recovery of money only, and this, over plaintiffs' objection, and because he is successful in persuading the court that the complaint as to him fails to state a cause of action, and that permission to bring such action as against him as receiver has not been granted, and on such grounds recovers a judgment of dismissal, he is thereby in a position to champion the cause of the original defendant by challenging plaintiffs' right to prosecute their appeal as against the latter. The contention that a reversal of such order would avail appellant nothing without a reversal also of the judgment in Lane's

quired. The sheriff may demand his fees in advance of services. Rev. Codes 1905, § 2628.

Full weight and credit must be given to all matters admitted in evidence without objection. Williams v. Hawley, 144 Cal. 97, 77 Pac. 762; F. Mayer Boot & Shoe Co. v. Ferguson, 19 N. D. 496, 126 N. W. 110.

All reasonable presumptions will be indulged to sustain the trial court in overruling motion for new trial. Westphal v. Nelson, 25 S. D. 100, 125 N. W. 640; State v. Brandell, 26 S. D. 642, 129 N. W. 242.

BURKE, J. Plaintiff holds assignment, from the sheriff of Hettinger county, of the latter's claim for fees incident to an attachment levied by the defendant against the property of one Billyard. The particular items in dispute relate to extraordinary expenses incurred by the sheriff in storing and guarding the property attached,—the four items being rent incurred by storage, four months at Regent at $15 a month, $60; expenses incurred for supervising said property while in storage at Regent for a period of four months, $90; storage of said goods at Mott, $200; and guard for said property at Mott, $228.50. It is admitted that the said expenses of taking and keeping possession of and preserving such property under attachment have not been allowed by the court. Subdivision 32 of § 3514, Compiled Laws of North Dakota 1913, reads as follows: "The sheriff shall be entitled to charge and receive the following fees—(34): for the expense of taking and keeping possession of and preserving property under attachment, . . . such sum as the court may order, not to exceed the actual expense incurred, and no keeper must receive to exceed $3 per day, nor must he be so employed unless the property is of such character as to require the personal attention and supervision of a keeper. No property must be placed in charge of a keeper if it can be safely and securely stored, or when there is no reasonable danger of loss." In appellant's brief he says: "The only points in this case, as we view it, are: (a) the right of the sheriff to sue for his expenses and disbursements in the attachment proceeding without first obtaining an order of the court allowing the same. . . ."

(1) We think appellant is correct in his view of the law. At 35 Cyc. 1579, it is stated: "In the absence of proof, compensation is not allowable to the sheriff for trouble and expense in taking and preserving

property; and it has been held necessary that such allowance shall be made or ordered by the court."

In Bower v. Rankin, 61 Cal. 108, it is said: "By the statute the sheriff of Kern is entitled to be paid 'for his trouble and expense in taking and keeping possession of and preserving property under attachment or execution, or other process, *such sum as the court shall order,* provided that no more than $3 *per diem* shall be allowed to a keeper.' . . . The complaint does not allege, nor do the findings show, that any allowance had been made by the court to the sheriff 'for his trouble and expense in taking and keeping possession of and preserving the property' under the attachment. Judgment reversed, and cause remanded, with directions to court below to enter a judgment in favor of plaintiff in the sum of $26.10, without costs."

In Shumway v. Leakey, 73 Cal. 260, 14 Pac. 841, it is said, after quoting the above statute: "It is a settled rule that unless the court makes such order the sheriff has no right to the fees." See also Lane v. McElhany, 49 Cal. 424; Geil v. Stevens, 48 Cal. 590; Barman v. Miller, 23 Minn. 458. It is apparent that no action can be maintained by the sheriff or his assignee upon the items hereinbefore mentioned, until the same have been approved by the court. Plaintiff, however, insists that this question has been waived by failure of the defendant to demur to the complaint upon this ground, and by the offer in the answer to pay the reasonable rental value of the building in which the property was stored, and which is alleged to be the sum of $50, and by the testimony of the counsel for defendant, and by the admission in evidence without objection of the sheriff's return. After careful examination we have decided that such acts do not constitute a waiver of the objection. In the list of fees claimed by the sheriff were some that were not in dispute, and a general demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action would have been properly overruled. The objection of the defendant to the balance of the items is sufficiently expressed in his motion for a new trial. Besides, the allowance by the court should have been proven by the plaintiff as a part of his case. The result is that the verdict should be reduced to the sum of $154.94 to conform to the proof. In this computation we have allowed to the plaintiff $50 rent, which is