EATON vs. WOYDT.

EVIDENCE : *Presumption as to continuance of a proven state of facts.*

In ejectment, where defendant was shown to have been in possession of the premises both shortly before and shortly after the commencement of the action, the law will presume that the same state of facts existed during the intermediate period, unless the contrary was shown.

APPEAL from the Circuit Court for *Fond 'du Lac* County.

Ejectment, commenced in 1855 against one Emil Woydt, and, after his death, revived against his infant son, *Edward M. Woydt.* The premises in dispute were part of lot 40 in the village of Calumet, and there was a store thereon. The court refused to set aside a verdict for the defendant; and the plaintiff appealed.

*R. P. Eaton,* appellant, in person.

*E. S. Bragg,* for respondent:

This was a second verdict for the defendant, and it will not be set aside unless clearly against all the evidence. *Edmiston v. Garrison,* 18 Wis. 594; *Van Valkenburgh v. Hoskins,* 7 id. 496, and cases there referred to by counsel. The plaintiff must establish that he is the owner of the premises, and lawfully entitled to the immediate possession, and that defendant was, *at the commencement of the action,* in actual possession, wrongfully withholding the same from him. *Pierce v. Tuttle,* 53 Barb. 155.

COLE, J. The verdict in this case was so clearly against the evidence, that we think it should have been set aside and a new trial granted. It is suggested, in support of the finding of the jury, that there was no satisfactory proof of the fact that the defendant was, at the commencement of the action, in the possession of the premises claimed by the plaintiff. But the evidence was abundant and clear that the defendant's father was in possession when the suit was commenced. Delaney says that Emil Woydt occupied the store on lot 40 in Calumet village when he (witness) removed from that place in the spring of 1854; and, further, that he saw him there two or three years *after* he moved away. North testified that Emil Woydt occupied the store on the lot at the time of his death, and did several years previous. He did not

know the exact year Woydt died, but thought "it was four or five years ago."

Now, when it appears that the father was in the possession of the premises just before the suit was commenced, and was in possession after that time, the law presumes that the same state of things continued to exist in the intermediate period, until the contrary is shown. 1 Greenl. Ev. § 41.

The verdict was so entirely against all the evidence in the case, that we must hold the circuit court erred in refusing to set it aside and grant a new trial.

*By the Court.*—The order of the circuit court is reversed, and a new trial awarded.