LOCKWOOD, Respondent, vs. ALLEN, Appellant.

*February 19—March 11, 1902.*

*Vendor and purchaser of land: Fraud: Misrepresentations: Rescission: Pleading: Evidence: Presumptions: Judgments.*

1. In an action to rescind a conveyance of land alleged to have been induced by the grantor's fraud, the complaint, setting forth, in substance, that defendant informed plaintiff that H., grantor's agent, would take him to view the land, and that the land shown by H. was fertile and well timbered, while the land conveyed was "rough, stony, swampy, and timberless", under the liberal rules governing construction of pleadings, sufficiently alleges the agency of H., and injury resulting from the alleged misrepresentations.

2. In such complaint, allegations showing an offer to reconvey, and that such offer is still held good, sufficiently allege the ability of the grantee to reconvey.

3. In an action to rescind a conveyance of land because of the alleged fraud of the grantor, the evidence (stated in the opinion) is *held* to support the findings of the trial court, and to bring the case within the rule that fraud must be clearly proven.

4. In such case, where the making of the deed and the execution of a mortgage back are admitted, and there is no evidence that such condition had been changed, a finding that the plaintiff held the land in the same condition as conveyed to him, unincumbered except by the purchase-money mortgage, is warranted on the presumption that when one has been shown to be the owner of property, such ownership is presumed to continue until some change or alienation is shown.

5. In such case, the defendant's rights are fully protected by a judgment requiring, as a condition of relief, that plaintiff file in court a deed reconveying to defendant the land received in fee simple, clear of all claims except the purchase-money mortgage and taxes on the land since the commencement of the action.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action to rescind a conveyance of land alleged to have been made under such circumstances as to constitute a fraud

upon the plaintiff.   The defendant was a real-estate dealer living in St. Paul.   The plaintiff was a farmer residing at Northfield, Minnesota.   In December, 1899, the plaintiff entered into negotiations with the defendant through his agent, Merritt Moore, with a view of purchasing a tract of farming land in this state.   Plaintiff and Moore went to St. Paul, saw defendant, and told him the kind of land the plaintiff desired to purchase.   Defendant directed plaintiff to go to Cumberland, Wisconsin, to view lands he had for sale near that place, and informed him that his agent, Jos. Hennen, would take him to view such lands.   Pursuant to such directions, plaintiff and Moore went to Cumberland. Plaintiff informed the agent, Hennen, that he desired to purchase 160 acres of timber land, near a lake, suitable for farming purposes.   Hennen informed plaintiff that the N. W. $\frac{1}{4}$ 19—36—12 W. answered the description, and with plaintiff and Moore went out to view the lands.   Instead of taking them to view the lands in section 19, he showed them lands in section 24, which were fertile, well-timbered, and such as the plaintiff desired.   He never took them within sight of the lands in section 19.   The northwest quarter of section 19 was rough, sandy, swampy, had little or no timber on it, and was of little value.   The agent, Hennen, knew that the statements made plaintiff as to location, value, and condition of the lands in section 19 were false, and made the same with intent to induce the plaintiff to make a purchase thereof.   On February 14, 1900, plaintiff, relying upon such representations, purchased said northwest quarter of section 19 for $1,520, paying $920 cash, and gave notes and a mortgage on the land for the remainder of the purchase price. Plaintiff knew nothing about the location of said land or of its condition except such information as he got from the agent, Hennen, and fully believed, when he made the purchase, that he had been shown the same.   He still holds the title as he received it, and, upon learning the true value and

location of the lands, he notified the defendant of his desire to rescind such purchase, offered to deed the land, and demanded a return of the money paid, and a surrender and cancellation of his notes and mortgage, which defendant refused. The foregoing are substantially the facts as found by the trial court, and upon which he directed a judgment of rescission of such deal on condition that the plaintiff reconvey such lands to the defendant. A demurrer *ore tenus* to the complaint was overruled. Due exceptions to the findings were filed by defendant, and from the judgment for plaintiff he takes this appeal.

For the appellant there was a brief by *Harold Harris* and *T. M. Thorson,* and oral argument by *Mr. Harris.*

*W. N. Fuller,* for the respondent.

BARDEEN, J. 1. The defendant argues that the complaint is insufficient, as not containing allegations showing the agency of Hennen, or of injury resulting from the alleged misrepresentations, or of ability to reconvey the land. We are satisfied that none of these complaints are well founded. The allegations of Hennen's agency are direct and unequivocal, and were fully supported by the evidence. The averments as to injury are not so definite. The land shown to plaintiff is alleged to have been fertile and well-timbered, while the land he received was "rough, stony, hilly, swampy, and timberless." The complaint might have been more definite in this regard, but, under the rule that pleadings must be liberally construed under circumstances like these, we cannot say that it is insufficient. When one supposes he is bargaining for fertile timber lands, and gets lands that are without timber, and which are rough, stony, and swampy, it requires no stretch of judicial inference to assume that he was injured thereby. The complaint further shows an offer to reconvey the land, and that such offer is still held good. The

fair inference from such offer is that he had the ability to reconvey.

2. The defendant further challenges the recovery herein on the ground that the evidence fails to support the findings. It would not be profitable to discuss at length the great volume of evidence in this case. The prominent facts are that on the one side it is claimed that plaintiff was shown a tract of land such as he desired to purchase, and such as met the description he had given defendant's agent, but which were, in fact, much better lands than those he received, and that the lands deeded to him were of comparatively little value. On the other, that he was in fact taken to the lands he finally purchased, and had an opportunity of seeing the same before the deal was closed. There are a great many collateral circumstances mentioned in the evidence bearing upon both contentions. Defendant claims plaintiff was shown a map which showed the lands to be a greater distance from a lake mentioned in the evidence than the agent represented, and therefore he was not deceived by the agent's representations. It was demonstrated on the trial that plaintiff knew very little about maps. It would be quite natural that he should place more reliance upon the statement of the agent, who professed to be familiar with the lands and its boundaries, and who assumed to point out the center line of the tract, than upon a map drawn on so small a scale as to give no adequate idea of the relative location of the land to the lake. Plaintiff admitted that he was informed by defendant before he made the purchase that the land lay "about a forty, or forty rods, or something like that, further away—that is, to the east"—than Hennen had told him. He was not told that he had not been on the land in section 19. Hennen had shown him what he considered was the center line of the tract, and pointed out certain blazed trees as indicating the line. According to the plaintiff's testimony, they traveled some distance east of that line, so that, admitting the tract was

further east than Hennen had pointed out, still plaintiff had reason to suppose that he had been on the land, and knew something of its character and location. The evidence quite clearly demonstrates, as the court found, that he was not taken in sight of the land he purchased, and that the land he received was not at all like the land he desired, or like the land he was shown. While the evidence is in dispute, there is much to support the conclusion reached by the trial judge, and sufficient, we think, to bring the case within the rule that fraud must be clearly proven.

3. The court found that plaintiff held the land as conveyed to him, unincumbered except by the mortgage given to defendant for a part of the purchase money. The making of the deed to plaintiff and the execution of the mortgage back are admitted. There is no claim or pretense in the evidence that this condition had been changed. Therefore the finding of the court was warranted on the presumption that when one has been shown to be the owner of property such ownership is presumed to continue until some change or alienation is shown. 1 Jones, Ev. § 53; 1 Greenl. Ev. § 42; *Kidder v. Stevens,* 60 Cal. 414. See *Eaton v. Woydt,* 26 Wis. 383; *Laughlin v. C. & N. W. R. Co.* 28 Wis. 204; *Bell v. Anderson,* 74 Wis. 638; *Brown v. King,* 5 Met. 173; *Magee v. Scott,* 9 Cush. 148.

As a condition of judgment, the court required the plaintiff to file in court a deed of the land received in fee simple and clear of all claims except the mortgage mentioned and taxes on the land since the commencement of this suit. The rights of defendant were fully protected, and we see no ground for disturbing the judgment.

*By the Court.*—The judgment is affirmed.