| 117  | 61 |
|------|-----|
| f 117 | 67 |
| d117 | 2 94 |
| d117 | 2 95 |
| 117 | 3 96 |

HANSEN, Respondent, vs. ALLEN, imp., Appellant.

*February 6—February 24, 1903.*

*Contracts: Rescission for fraud: Prior offer to restore: Vendor and purchaser: Interest: Amendment of pleading and findings: Discretion.*

1. An action to rescind a contract on the ground of fraud may be maintained although there was no prior offer to restore what plaintiff received thereunder. The failure to make such offer affects, at most, the question of costs, and where it is apparent that it would have been rejected if made, costs may properly be allowed to the plaintiff.

2. The vendee in a land contract is entitled to have it rescinded for fraud of the vendor in pointing out other land and representing it to be that described in the contract, without proof of actual damage.

3. Where a land contract is rescinded for fraud of the vendor, the vendee is entitled to interest on his payments from the time they were made.

4. Two or three months after the filing of findings and entry of judgment the court ordered that, on payment of $5 costs, the complaint be amended so as to conform to the proofs and that a certain finding be added which had been actually found by the court from the undisputed evidence but inadvertently omitted from the written findings. *Held*, not an abuse of discretion.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This action was commenced March 7, 1900, to rescind a land contract entered into by and between the plaintiff and the defendant *Allen,* August 22, 1899, wherein and whereby *Allen* agreed to sell and convey to the plaintiff the eighty acres of land described, for the agreed price of $640, of which sum $100 was paid down and the other $540 was payable in five instalments as therein mentioned—the first of which was for $100, due February 1, 1900—on the ground that the plaintiff was induced to enter into such contract by the fraud and false representations of *Allen* and his authorized agent, the defendant Hennen, as to the identity, condition, and situation of the land, and to recover back what the plaintiff had paid thereon, with interest.

Issue being joined and trial had, the court found, in effect, that at the time of making the contract, and for a long time prior thereto, *Allen* was a real estate dealer at St. Paul, and owned lands near Cumberland, in Barron county, Wisconsin; that just before making the contract the plaintiff had a conversation with *Allen* at St. Paul relative to the purchase of some of such lands; that *Allen* represented to the plaintiff that the defendant Hennen was his agent at Cumberland, and was authorized to act for him in all matters pertaining to the sale of such lands; that pursuant to such negotiations, and upon the solicitations of *Allen,* the plaintiff went to Cumber-

land and was shown certain lands by Hennen as the lands of
*Allen*—not described in the contract; that the plaintiff, being
satisfied with the lands so shown him, agreed with Hennen to
purchase the same at $8 per acre; that at the time Hennen
so showed said lands to plaintiff he represented them as being
lands of a certain description, which description was false;
that plaintiff was a stranger in Barron county, and was un-
acquainted with the government descriptions, and relied en-
tirely upon the représentations of Hennen, and was deceived
by such representations, all of which was well known to Hen-
nen; that relying upon such representations, and being de-
ceived thereby, the plaintiff paid $50 on the purchase price
thereof, August 17, 1899, and took a receipt for the same,
and did thereafter, on August 22, 1899, pay an additional
sum of $50, and then and there did enter into the land con-
tract mentioned; that so relying upon such representations
made to plaintiff by Hennen, and being deceived by the same,
and after signing said land contract, the plaintiff made a
further payment to the defendant upon said lands of $116.59,
being $100 on the purchase price, and $16.59 by way of in-
terest which became due February 1, 1900; that thereafter
plaintiff paid taxes due upon said lands to the amount of
$7.36; that during all these transactions the plaintiff relied
upon the representations of Hennen, and believed that the
lands mentioned in the land contract were the identical lands
shown to and purchased by plaintiff from Hennen on August
17, 1900; that in February, 1900, and after paying the first
instalment mentioned in the contract, the plaintiff first
learned that the lands so described in the land contract were
not the lands shown to plaintiff by Hennen and which plaint-
iff actually agreed to purchase from *Allen;* that plaintiff
thereupon immediately notified Hennen that he desired to
rescind the contract, and demanded back the money paid to
*Allen;* that thereafter, on March 6, 1900, plaintiff sent a let-
ter to *Allen* demanding that he repay to plaintiff the amount

paid under said contract, and offering to relinquish all claim upon said lands to *Allen;* that upon the trial of this action plaintiff produced in court and tendered to the defendant a quitclaim deed of said lands, duly executed and acknowledged, which tender was refused by the defendant *Allen.*

And, as conclusions of law, the court found that in pursuance of an order entered September 25, 1900, the action was discontinued as against Hennen, with costs in his favor, and that the plaintiff was entitled to judgment against *Allen,* annulling the land contract, and also to recover from *Allen* $223.95, with interest on $100 from August 22, 1899, and that the quitclaim deed mentioned be delivered to the defendant *Allen* upon his demand, and also that plaintiff was entitled to costs in this action against *Allen.* From the judgment entered thereon accordingly, the defendant *Allen* appeals.

For the appellant there was a brief by *Harold Harris* and *T. M. Thorson,* and oral argument by *Mr. Harris.*

For the respondent the cause was submitted on a brief signed by *William N. Fuller.*

CASSODAY, C. J. It is claimed that the complaint does not state facts sufficient to constitute a cause of action, and that at the close of the testimony the court should have granted a nonsuit or dismissed the action. The facts found by the court are to the effect stated. According to such findings, the plaintiff was induced by the false representations of the appellant and his agent to make the contract mentioned, believing that it described other lands, of very much different condition and quality, which had been shown to him by the plaintiff's authorized agent.

1. The contention is that there was no sufficient offer on the part of the plaintiff to return to the appellant the title he had received from the appellant before the commencement of this action. It appears that in February, 1900, and as

soon as the plaintiff learned of such misdescription, he immediately notified such authorized agent of the appellant that he desired to rescind the contract, and demanded back the money he had paid to the appellant; and thereupon and on March 6, 1900, the plaintiff sent a letter to the appellant—personally—at St. Paul, demanding of the appellant the repayment of the money so paid by him, and therein offering to relinquish all claim upon the land to the appellant.    True, that letter so sent the day before the commencement of this action was not received by the appellant until the day after the commencement of the action.    On the trial the plaintiff produced and tendered to the appellant a quitclaim deed of the land described in the contract, as offered in the complaint, which the latter refused to accept, and the same was deposited with the clerk of the court for the use of the appellant.    The appellant in his answer denied such misrepresentations, and refused to repay the money; and he admitted under oath that he would not have repaid the money, even if a demand had been made upon him personally before the commencement of the action.    It is manifest from the conduct and admission of the appellant, stated, that he would have rejected a deed had it been tendered at the time the plaintiff expressed a desire to rescind the contract and demanded back the money he had paid.    It is to be observed that this is an action for rescission on the ground of fraud.    It has been held that: "It is not necessary to the maintenance of a bill in equity for the rescission of a contract on the ground of fraud that the party complaining should have first restored or offered to restore what he received under the contract."    *Martin v. Martin,* 35 Ala. 560; *Perry v. Boyd,* 126 Ala. 162, 169, 28 South. 711, and cases there cited.    To the same effect: *Kiefer v. Rogers,* 19 Minn. 32.    See 9 Am. & Eng. Ency. of Law (2d ed.) 207. These cases are in harmony with the rulings of this court. *Hyland v. Roe,* 111 Wis. 361, 370, 87 N. W. 252, and cases there cited; *Lockwood v. Allen,* 113 Wis. 474, 89 N. W. 492.

At most, the want of such prior offer could only affect the question of costs. Id. This court has also held that: "Where the vendor repudiates the alleged sale, and it is apparent from the facts and circumstances that the money would be refused, tender of the purchase money before bringing a bill for specific performance would seem to be unnecessary." *Wright v. Young,* 6 Wis. 127. So it has been held that: "Where the vendor in a land contract is able, ready, and willing at the proper time to convey the land, and offers to do so, but the vendee absolutely refuses to receive a deed or pay any part of the purchase money as agreed, the vendor may maintain an action on the contract, without having actually made and tendered a deed." *McWilliams v. Brookens,* 39 Wis. 334. To the same effect: *First Nat. Bank v. Kickbusch,* 78 Wis. 218, 47 N. W. 267. For the reasons stated, there was no error in allowing costs to the plaintiff.

2. It is claimed that even if the plaintiff was induced to make the contract by such fraud, yet there is a failure on the part of the plaintiff to show that he was actually damaged by reason of such fraud. It is enough to say that the plaintiff was entitled to have the particular piece of timbered land with a stream of water upon it which had been pointed out to him, and for which he actually contracted, instead of a different piece of land situated at some other place.

3. The court having set aside the contract for fraud, there was no error in allowing interest to the plaintiff on the payments made by him from the time of such payments respectively. *Potter v. Taggart,* 59 Wis. 1, 16 N. W. 553, 632; *McKinnon v. Vollmar,* 75 Wis. 82, 43 N. W. 800; *J. I. Case Plow Works v. Niles & S. Co.* 107 Wis. 9, 17, 82 N. W. 568; 1 Suth. Dam. (2d ed.) § 354.

4. Error is assigned because, some two or three months after the findings were filed and the judgment was entered, the court, on the hearing of an order to show cause, ordered that the complaint be and the same was thereby amended so

as to conform to the proofs in the particulars therein named; and it was therein ordered that there be added to the written findings the following: "No. 12. That the plaintiff holds unincumbered all the right, title, and interest in and to the said land that he received from the defendant *Allen*," on the ground that such finding so added "was actually found by the court, from the undisputed evidence received upon the trial, without objection," but had been "inadvertently omitted" from the "written findings of fact." The statute expressly authorized the court, in its discretion, to make such amendment "before or after judgment, in furtherance of justice and upon such terms as may be just." Secs. 2830, 2832, Stats. 1898. The order in question required the plaintiff to pay to the appellant $5 costs. We perceive no abuse of discretion in making such order and amending the complaint and findings accordingly. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.

For the appellant there was a brief by *Harold Harris* and *T. M. Thorson,* and oral argument by *Mr. Harris.*

For the respondent the cause was submitted on a brief signed by *William N. Fuller.*