as to conform to the proofs in the particulars therein named; and it was therein ordered that there be added to the written findings the following: "No. 12. That the plaintiff holds unincumbered all the right, title, and interest in and to the said land that he received from the defendant *Allen*," on the ground that such finding so added "was actually found by the court, from the undisputed evidence received upon the trial, without objection," but had been "inadvertently omitted" from the "written findings of fact." The statute expressly authorized the court, in its discretion, to make such amendment "before or after judgment, in furtherance of justice and upon such terms as may be just." Secs. 2830, 2832, Stats. 1898. The order in question required the plaintiff to pay to the appellant $5 costs. We perceive no abuse of discretion in making such order and amending the complaint and findings accordingly. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.

HANSEN, Respondent, vs. ALLEN, imp., Appellant.

*February 6—February 24, 1903.*

*Hansen v. Allen, ante,* p. 61, followed.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Harold Harris* and *T. M. Thorson,* and oral argument by *Mr. Harris.*

For the respondent the cause was submitted on a brief signed by *William N. Fuller.*

CASSODAY, C. J. The facts in this case are substantially the same as in the case of *Hansen v. Allen, ante,* p. 61, 93 N.

W. 805. For the reasons stated in the opinion in that case, the judgment in this case is affirmed.

*By the Court.*—Judgment affirmed.

KIRCHER, Respondent, vs. PEDERSON, Appellant.

*February 6—February 24, 1903.*

*Counties: Unlawful appropriation: Restraining payment: Taxpayers' action: Parties: Pleading.*

1. A county board appropriated, as a charity to a claimant whose claim had been disallowed, a certain sum on condition that her attorneys file an agreement that they should not receive more than $25 thereof, and that the claimant file a release. In an action by a taxpayer to restrain payment of the money, *held:*

    (1) It not appearing that the claimant's attorneys have any lien upon the claim, their interests will not be directly affected by the suit and they are not necessary parties.

    (2) The·claimant is a necessary party because her rights will be directly affected; but the complaint need not state a cause of action against her by alleging that she will accept the appropriation.

2. After public money has been paid to a private person in pursuance of an unlawful appropriation by a county board, the county, but not a taxpayer, can sue for the recovery thereof. The remedy of the taxpayer is by injunction to prevent the payment.

3. An appropriation by a county board, to a person whose claim had been disallowed, of a sum of money "as a charity" and not as a settlement or compromise of a doubtful claim, is illegal, and payment may be restrained at the suit of a taxpayer.

APPEAL from an order of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

Action to restrain the county treasurer of St. Croix county from paying money claimed to have been illegally appropriated by the county board.. Plaintiff commenced this action as a taxpayer on behalf of himself and all others similarly