LEPLEY, Respondent, vs. ANDERSEN, Appellant.

*February 23—May 24, 1910.*

*Evidence: Parol agreement varying writing: Fraud: Degree of proof required: Appeal: Verdict, when disturbed: Instructions to jury: Exceptions.*

1. A distinct oral agreement which ordinarily could not be shown to vary or contradict a written contract between the parties may be so shown as a matter of defense to a dishonest or fraudulent claim under the writing.

2. The foregoing rule should not be applied except in a clear case, and the party alleging the fraud must establish it with that degree of certainty which is produced by clear and satisfactory evidence.

3. The expressions "clear and satisfactory evidence" and "clear, satisfactory, and convincing evidence," used in defining the degree of proof required to establish fraud, are not to be considered as different in meaning.

4. The finding of a jury approved by the trial court will not be disturbed on appeal unless it appears to be unwarranted in any reasonable view of the evidence, giving due weight in its favor to the fact that the jury had the advantage of observing the manner of the witnesses while testifying.

5. Where, upon the question whether defendant's use of a written contract was dishonest and fraudulent, the testimony of the two interested parties was in direct conflict, both being apparently equally credible and neither corroborated, except that the writing itself accorded with defendant's claim, and the jury were not properly instructed that the burden was upon plaintiff to establish the fraud by clear and satisfactory evidence, a verdict in plaintiff's favor was not warranted by the evidence.

6. The judgment is reversed in such case because of the probability of injustice to the defendant if the verdict were permitted to stand, although he did not except to the instructions given on the subject of fraud or request the giving of other instructions properly stating the degree of certainty with which plaintiff was bound to establish that fact.

APPEAL from a judgment of the circuit court for Rusk county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Action to recover $500, money had and received. Complaint in the usual form. The defendant answered admitting receipt of the money, but claiming that it was received

as collecting agent under an agreement. that he should have half for making the collection and the right to apply the other half on a claim he had for collection for another party against the plaintiff.

Defendant established his defense, *prima facie*, by introducing in evidence a written contract between himself and a former partner on one side and plaintiff on the other, to the effect that in case the former should collect the $500 claim of one Arnold the proceeds should be disposed of as stated in the answer.   Plaintiff was permitted to rebut that by evidence that the claim was put into the hands of defendant and his partner for collection upon the usual terms and that, some time thereafter, plaintiff was induced to sign the written contract by representations made by defendant that it would be used only to prevent Arnold from collecting a judgment he had charge of against the plaintiff and to avoid Arnold's disinclination to pay the claim so that any of the proceeds would go to enrich plaintiff.   There was further proof on the part of plaintiff as to the services rendered in collecting the claim. The evidence as to the oral understanding that the writing should not be used according to its tenor was contradicted by evidence on defendant's part.   There was also evidence in his behalf that the claim he had for collection was stale and of a class permitting fifty per cent. as a customary fee. The evidence was all one way that one half of the $500 collected was actually applied on the claim defendant and his partner had for collection against plaintiff.   There was evidence tending to show that the writing corresponded to the verbal understanding.   Exceptions were saved to the ruling permitting proof of the contemporaneous or prior verbal contract.

The jury, considering the case as submitted by the court, allowed defendant ten per cent. of the $500 for his services as collector and found for plaintiff in the sum of $200. Judgment was rendered accordingly with costs.

For the appellant there was a brief by *Andersen & Leahy,*

*J. W. Soderberg,* and *Richmond, Jackman & Swansen,* and oral argument by *S. T. Swansen.*

For the respondent there was a brief by *Thomas & Carow,* and oral argument by *J. W. Carow.*

The following opinion was filed March 15, 1910:

MARSHALL, J.    The principal point made on the appeal, is that the rule permitting respondent to testify to the verbal agreement, contradicting the writing which purported to fix the rights of the parties regarding appellant's compensation, was erroneous since, by a familiar principle, a written contract cannot be varied or contradicted by evidence of verbal communications prior to the making thereof or contemporaneous therewith.

The rule invoked by counsel, like most judicial rules, is subject to exceptions.    One is this: Where there is a distinct oral agreement which, under ordinary circumstances, cannot be efficiently established in the face of a written one covering the subject, or which is inconsistent therewith, for the purpose of giving effect to the former notwithstanding the latter, it may be, in an action between the parties, as a matter of defense to a claim under the writing, in case of the adverse party seeking to use such writing for a dishonest purpose. *Corbett v. Joannes,* 125 Wis. 370, 388, 104 N. W. 69; *Juilliard v. Chaffee,* 92 N. Y. 529.    That is a very valuable principle in the administration of justice, yet its use is so fraught with danger of rendering written agreements less certain of fixing the rights of parties than in general they are designed to be; and danger of promoting attempts to commit fraud by varying or abrogating written contracts by verbal communications which, in contemplation of law, are merged in the former,—it should not be applied except in a clear case, and the claim of fraud should not be allowed to prevail unless established by clear and satisfactory evidence.    In this respect the familiar rule applies that he who alleges fraud in a

civil action, to prevail, must establish his claim with more than that ordinary degree of certainty which suffices as to the party on whom the burden of proof rests in a civil case. That degree of certainty is something less than beyond a reasonable doubt, as in a criminal case, yet something more than mere reasonable certainty which may be grounded on a bare preponderance of the evidence; that degree which is contemplated by an instruction that the party on whom the burden of proof rests must establish the truth of his claim by a preponderance of the evidence. The distinction may be a little shadowy, yet it is believed to be substantial. At any rate, it is firmly grounded in our jurisprudence and is characterized as that degree of certainty which is produced by clear and satisfactory evidence. *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140; *Lockwood v. Allen,* 113 Wis. 474, 89 N. W. 492; *Bowe v. Gage,* 127 Wis. 245, 106 N. W. 1074.

In the last case cited the court said, in effect, notwithstanding a mere preponderance of evidence, which, ordinarily, is sufficient upon which to base a finding of fact in favor of the party upon whom the burden of proof rests, not so when to lift that burden fraud must be established. Then the finding should not be made unless the jury are satisfied by evidence which is clear, satisfactory, and convincing. A court in submitting the issue of fact to a jury does not perform its duty without making that distinction. In respect to an instruction, as in this case, the court added:

"The instruction given would correctly enough have defined the jury's duty upon an ordinary issue of fact; but it was incomplete as a guide in passing upon fraud. . . ."

We should say, in passing, to avoid confusion because of variations in stating the rule referred to, "clear and satisfactory evidence" being used in some instances and "clear, satisfactory, and convincing evidence" in others, it is not understood here that the latter goes any further than the former. That is, to tell the jury, the claim of fraud in order

to prevail must be established by clear and satisfactory evidence, is all-sufficient, though it may be that the more emphatic expression, "clear, satisfactory, and convincing evidence," would be more likely than the somewhat milder expression—especially where fraud is claimed to avoid a written contract unquestionably executed with knowledge of its contents and with all usual formalities—to challenge the minds of jurors to the distinction between the two degrees of certainty, and the importance of holding to the higher one as the safest way of reaching a right result with the greatest practicable certainty.

The case, from the standpoint of the respondent, involved, very plainly, the conditions requiring the rule in *Corbett v. Joannes,* 125 Wis. 370, 104 N. W. 69, to be considered. On the one side there was a written contract, in plain terms, fixing the rights of the parties. On the other, there was the claim that the writing was not made for the purpose its terms would indicate; that the real contract relating to compensation for doing the work, apparently fixed by the writing, rested in parol, and that the attempt to use the writing for a purpose, not within the contemplation of the parties when it was made, was dishonest. The adversaries only, testified on the subject. Each apparently testified as positively to his claim, as the other. Neither seems to have been corroborated by any other witness or circumstance, except appellant had the advantage of the writing. That gave him the benefit of the rule casting upon respondent the burden of satisfying the jury by "clear and satisfactory evidence," or "clear, satisfactory, and convincing evidence" of the truth of his claim. The rule was peculiarly important, in that the case had to turn solely upon the question of which of the two interested parties testified to the truth. There was no opportunity for conflict consistent with good faith. One or the other must necessarily have told the truth and the other testified wilfully false. The presumption against perjury was in favor of one

as much as the other. So the jury had only differentiation between the reasonableness of the two stories and the manner of the two parties in giving their testimony. The jury had the benefit of the latter element and so did the trial court in approving of their finding as being warranted by some reasonable view of the evidence, under all the circumstances.

The manner of witnesses while testifying before a jury sometimes is a valuable guide in solving conflicts. That guide, in the very nature of things, an appellate court cannot have the benefit of, hence the rule that the finding of a jury, approved by the trial court, will not be disturbed on appeal unless it appears to be unwarranted in any reasonable view of the evidence, giving due weight in its favor to those circumstances which are legitimate aids to the jury and judge in discovering truth but are not to the reviewing court.

From the foregoing it will be seen that the rulings on the objections to evidence as to a verbal agreement having been made which was inconsistent with the writing, tending to show that the writing was put forward for a fraudulent purpose, were proper. Was the evidence to prove such purpose sufficient to warrant the jury in finding in favor of the claim of fraud? That is the serious question.

Looking at the printed record alone, it does not seem that the evidence of respondent was sufficient to outweigh the equally positive, and so far as appears, equally credible, evidence of appellant and the writing besides, so as to establish clearly and satisfactorily, or in other words, clearly, satisfactorily, and convincingly, that appellant's use of the writing was dishonest. It may possibly be, as we have seen, that circumstances existed which were entitled to weight by the jury, but which we cannot have the benefit of; and which were sufficient, if the jury so thought, to point to the requisite degree of certainty of the truth to justify finding in respondent's favor. Had the jury been carefully instructed in respect to the matter, it may be that they would not have

found as they did. It seems quite probable that they would not. Had they done so with an appreciation of the rule as to establishing fraud, it may be that the verdict could not be disturbed here, though that is not clear.

Neither counsel for the plaintiff, nor counsel for the defendant, nor the circuit judge, seems to have appreciated the distinction between proving fraud and proving any ordinary fact in issue in a civil case. The judge in the instruction, phrased by himself, informed the jury that the burden was upon plaintiff to establish his claim of fraud to their satisfaction by a fair preponderance of the evidence, instead of making it plain that he should establish it to such satisfaction by clear and satisfactory evidence.

Instructions given at the request of appellant, so far as they touched the subject at all, were in harmony with the main instruction. The court said to the jury, at the request of counsel for appellant, in effect, that the claim of fraud could not prevail unless proved with a reasonable degree of certainty.

True, counsel for appellant did not except to the instructions given on the subject we have discussed, nor request any different instruction in respect to the matter, but on the contrary, as we have seen, requested and obtained somewhat similar instructions. So appellant is in no position to complain of errors in that respect, but, in the absence of a finding, in effect that the claim of fraud was established by clear and satisfactory evidence, and there is none here, especially without evidence of some convincing evidentiary circumstance stronger than it seems probable there could have been, which could not be spread upon the record, but which must have been before the jury,—it is considered that it is too probable injustice may have been done appellant, to allow the verdict to stand. So it is the opinion of the court, that on the record as it stands, the evidence does not warrant the verdict, giving due weight, reasonably, to the manner of adversaries

before the jury, which may have, to some extent, influenced them, nor does the verdict support the judgment.

In view of the foregoing many questions discussed by counsel are immaterial. The case as it should be tried and submitted to a jury, if submitted at all, is a very simple one.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied May 24, 1910.