MILWAUKEE WORSTED MILLS, Appellant, vs. WINSOR, Trus-
tee, Respondent.

*May 21—June 17, 1914.*

*Sales: Rescission: False representations as to solvency: Special ver-
dict: Instructions to jury: Evidence: Copy of writing: Fraud:
Degree of proof required: New trial: Newly discovered evi-
dence.*

1. In replevin to recover goods on the ground that their sale by
plaintiff was induced by fraudulent representations made by
the vendee as to its solvency, the issue being as to whether or
not the representations were made, and there being no claim
that, if made, they were not made for the purpose of inducing
the sale, there was no prejudicial error in submitting to the
jury the question: "Did [the vendee] misrepresent to the
plaintiff the material facts, knowing, or under such circum-
stances that it ought to have known, the truth, for the pur-
pose of inducing the plaintiff to sell to it the property in
question?"

2. Nor was it misleading in such case to instruct the jury that the issue was whether the defendant "purposely" misrepresented the facts so as to induce the plaintiff to part with the goods.

3. A statement as to the vendee's solvency, claimed to have been made by it to a credit agency, was properly excluded, because it was not the original statement and no foundation had been laid for introduction of a copy.

4. The burden is upon a party alleging fraud to prove it by clear and satisfactory evidence.

5. Refusal to grant a new trial on the ground of newly discovered evidence was not an abuse of discretion where proper diligence to obtain such evidence before the trial was not shown, and especially where the evidence had only a remote bearing on the case.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action of replevin. December 28, 1912, the plaintiff sold on credit 1,000 pounds of yarn to the Superior Knitting Mills, which was delivered in January, 1913. March 19, 1913, the plaintiff brought this action on the ground that the sale had been induced by false and fraudulent representations as to the financial standing of the Superior Knitting Mills. April 3, 1913, the latter was declared a bankrupt and *G. H. Winsor,* as trustee in bankruptcy, was by order of court substituted as defendant.

Under date of June 26, 1912, the Superior Knitting Mills made a financial statement to the Bradstreet Agency which statement was embodied by it in a report made to the plaintiff July 11, 1912. At the time this statement was made to the Bradstreet Agency the financial condition of the Superior Knitting Mills was substantially as therein set forth. In December, 1912, the Superior Knitting Mills sustained heavy losses, and plaintiff claims that at the time of the sale of the yarn, Sorensen, its president, represented that its financial condition was substantially the same as when the statement to the Bradstreet Agency was made. This is denied by Sorensen.

The issue was submitted to the jury on a special verdict,

the first question of which read: "Did the Superior Knitting Mills misrepresent to the plaintiff the material facts, knowing, or under such circumstances that it ought to have known, the truth, for the purpose of inducing the plaintiff to sell to it the property in question?" The jury answered this question in the negative and left unanswered the question as to whether in making the sale the plaintiff relied upon the representations, if found to have been made. The court rendered judgment for the defendant for a return of the property, with six cents damages; and, in case a delivery could not be had, for the value of the property. From the judgment so entered the plaintiff appealed.

For the appellant there was a brief by *W. E.* and *H. G. Pickering,* attorneys, and *James F. Trottman,* of counsel, and oral argument by *Mr. Trottman.*

For the respondent the cause was submitted on the brief of *H. V. Gard.*

VINJE, J.  The main issue in the case was whether or not Sorensen, the president of the Superior Knitting Mills at the time the yarn was purchased, made false and fraudulent representations to Ramien, who acted for plaintiff, as to the financial condition of the Superior Knitting Mills at the time of the sale, the latter testifying that Sorensen represented that its financial condition was the same at the time of the sale as in June previous when the statement to Bradstreet was made. Mr. Sorensen denied that he made any such representations. There being a direct conflict in the testimony upon this issue given by Sorensen and Ramien, the court submitted it to the jury in the question set out in the statement of facts. Objection is made to this question by the plaintiff, and especially because it required the jury to find that the false representations, if any, were made for the purpose of inducing a sale of the goods. The action is one for the rescission of a sale on the ground of fraud. Action-

able fraud always includes either an actual or a constructive intent to deceive. In the case at bar the dispute was as to whether or not certain false representations as to the solvency of the Superior Knitting Mills were made as testified to by Ramien, the agent of the plaintiff. If made, there could scarcely be ground for finding that they were not made with intent to defraud; so the issue practically narrowed down to the question as to whether or not they were made. The court instructed the jury that the issue was "whether Mr. Sorensen knowingly, or under circumstances such that he ought to have known what the facts were, purposely misrepresented the facts to a material degree, so as to induce the plaintiff to part with its property." There was no claim in the evidence that Mr. Sorensen did not know that the financial condition of the Superior Knitting Mills was different and less favorable at the time of the sale than it was the June previous, and no claim that the representations, if made, were not made for the purpose of inducing a sale. The denial and only denial was the making of such representations at all. It is therefore scarcely believable that the jury would have returned a negative answer to the question had they believed the representations were in fact made. The word "purposely" might not be an appropriate word to use in every case of fraud, especially where only a constructive intent to deceive is shown, but under the evidence and instructions in this case it was not misleading. *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599.

Plaintiff sought to introduce a statement, purporting to have been made June 5, 1912, received by it from a New York credit office as to the solvency of the Superior Knitting Mills, which was substantially the same as the one received in evidence from the Bradstreet Agency except that it said we "will immediately notify you of any material change in our financial condition." The court properly refused to receive it in evidence because it was not the original statement

claimed to have been sent by the Superior Knitting Mills to the credit agency and no proper foundation was laid for receiving a copy, especially since Sorensen testified that he did not think the Superior Knitting Mills ever made any statement to the agency in question.

Exception is taken to the instruction: "As to this question you are instructed that the burden is upon the plaintiff to establish the affirmative thereof by clear and satisfactory evidence." This related to the issue of fraud and is in harmony with the established rule in such cases. *Klipstein v. Raschein,* 117 Wis. 248, 252, 94 N. W. 63; *Lepley v. Andersen,* 142 Wis. 668, 671, 125 N. W. 433; *Richards v. Millard,* 146 Wis. 552, 555, 131 N. W. 365; *Ball v. Boston,* 153 Wis. 27, 35, 141 N. W. 8. More than a mere preponderance of the evidence is required to establish fraud.

The refusal to grant a new trial on the ground of newly discovered evidence cannot be disturbed because the evidence claimed to have been discovered was the original of the statement to the New York credit office, the copy of which was not admitted by the court. It was the duty of plaintiff to secure such original in time for trial since it had notice of it, or, if it deemed it of any special importance, to have requested a continuance of the case for the purpose of securing it when the court refused to admit the copy. Plaintiff did neither. No doubt the trial court also considered, as we do, that the statement in question had only a remote bearing on the case and that it would have been an abuse of discretion to grant a new trial in order to receive it in evidence.

The other assignments of error are deemed not well taken and of not sufficient importance to merit separate treatment.

*By the Court.*—Judgment affirmed.