BELT LINE REALTY COMPANY, Appellant, vs. DICK and others, Respondents.

*November 10—December 9, 1930.*

*Dewey B. Gill* of Milwaukee, for the appellant.

For the respondents there was a brief by *Orth & Orth* of Milwaukee, and oral argument by *Chas. A. Orth.*

WICKHEM, J.   The first question in this case relates to the power of the trial court, after the affirmance of the judgment by this court, to vacate the judgment so affirmed and order a new trial without leave from this court first granted.   An examination of the Wisconsin decisions indicates that there is a difference, with respect to the power of the trial court, between sec. 269.46, Stats., which permits the trial court in its discretion, at any time within one year after notice thereof, to relieve the party from a judgment entered through his "mistake, inadvertence, surprise or excusable neglect," and sec. 270.50, Stats., which provides that a motion for a new trial on newly-discovered evidence may be made within one year from the verdict or finding.

In *Ean v. Chicago, M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329, the court said that the provision of sec. 2832, R. S. 1878, empowering courts to relieve a party from a judgment rendered against him through mistake, surprise, or excusable neglect, within one year after notice thereof, had no application to a judgment which has been affirmed by the supreme court on appeal.

In *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 368, 189 N. W. 465, the court said:

"It is argued that there is no logical difference between a motion to relieve a party from a judgment on account

of 'mistake, surprise, or excusable neglect' and a motion for a new trial upon newly-discovered evidence, and that the decisions, therefore, construing the two sections are inconsistent, and that logically the conclusion reached in the *Ean Case* should be adhered to in applying both statutes. We think there is a fundamental distinction between secs. 2832 and 2879, Stats. While in certain instances the exercise of the discretion conferred upon the circuit court by sec. 2832 may result in relief against a judgment, it is a matter of discretion with the trial court, whereas under the provisions of sec. 2879 it is the right of a party to have a motion for a new trial founded upon newly-discovered evidence determined by the court upon its merits. Under sec. 2879 the determination relates to a substantive right, whereas under sec. 2832 the motion is addressed to the sound discretion of the court and is an appeal to the favor of the court. The motion in the case at bar was based entirely upon the claim of newly-discovered evidence and it is considered that the trial court correctly entertained the same and had power to grant or deny the motion."

The application in this case purports to be an application under the provisions of sec. 269.46, Stats. The affidavit in support of the application concludes:

"This affidavit is made for the purpose of setting aside the judgment in this case and for the order for a new trial or such other relief as may appear to be just and equitable in accordance with sec. 269.46 of the Statutes; that your affiant further believes and is convinced that such orders should, in all equity and good conscience, be made, in order that plaintiff should not be unduly prejudiced by the said mistake, surprise, inadvertence, and excusable neglect of its counsel, which would be the fact should these orders be denied."

It is quite clear that if the application is to be treated as what it purports to be, the trial court had no jurisdiction to entertain it.

Assuming that a very liberal construction of the application might justify treating this as a motion for a new trial on the ground of newly-discovered evidence, it is considered that the court did not manifestly abuse its discretion in deny-

ing the motion. In *Miller Saw-Trimmer Co. v. Cheshire, supra,* it is said:

"A new trial will not be granted on the ground of newly-discovered evidence, unless the party moving therefor satisfies the court, first, that such evidence came to his knowledge after the trial; second, that he was not negligent in seeking to discover it; third, that it is material to the issue; fourth, that it is not merely cumulative to testimony introduced on the trial; and fifth, that it is reasonably probable that a different result would be reached upon another trial. *Birdsall v. Fraenzel,* 154 Wis. 48, 142 N. W. 274, and cases cited Nor will a determination of the court below granting or refusing a new trial be disturbed unless it is manifest that the discretion of the court has been improperly exercised. *Wilson v. Plank,* 41 Wis. 94.

"These rules apply to a motion for new trial upon the ground of newly-discovered evidence made after judgment. *Milwaukee W. Mills v. Winsor,* 157 Wis. 538, 147 N. W. 1068; *Defiance M. Works v. Gill,* 170 Wis. 477, 175 N. W. 940."

The evidence alleged to be newly discovered does not necessarily indicate that the contract with Lodge & Company was entered into on September 1st, and the court, in its discretion, might have decided that it did not so indicate. If it was actually entered on September 20th, in reliance upon the plaintiff's oral consent, the trial court could have found, and apparently would have found, that the obligations to Lodge & Company were incurred in reliance upon this oral consent. No satisfactory showing appeared upon the plaintiff's affidavit of excuse for not discovering this evidence. The record in the original case indicates that the defendants' books were not only available to plaintiff, but that plaintiff's attorney, as an accountant, audited the books and had access to, and presumably knowledge of, the facts which are now claimed to be newly discovered.

*By the Court.*—Order affirmed.

FAIRCHILD, J., took no part.